UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
AYLYE RESTITUYO and RASUL SINGLETON

                              Plaintiffs,

    -against-

THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);
JOSEPH FRANCO, (FRANCO), in his official
capacity as then NEW YORK CITY POLICE OFFICER

                              Defendants.
-----------------------------------------------------------------X

**AMENDED COMPLAINT**

**ECF CASE**

**TRIAL BY JURY DEMANDED**

CIVIL NO .24 CV 04939 (JHR)

Plaintiffs,, by and through their attorney Rudy Velez, Esq., respectfully show to this court and allege, as follows:

**PRELIMINARY STATEMENT**

1.This is a civil rights action in which the plaintiffs seek relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Fourth and fourteenth Amendments of the New York State Constitution and Constitution of the United States. During his years on the force, FRANCO conspired with other officers to violate the rights of the people they arrested. FRANCO fabricated evidence, committed perjury and caused people who he arrested to forgo their rights and plead guilty in order to mitigate the collateral consequences of their convictions. Innocent people decided to plead guilty to avoid a much larger sentence they believed was inevitable. Who would take their word over FRANCO.

2. This action commenced within three years after plaintiffs' claim arose by reason of the termination of the criminal prosecution in favor of the plaintiffs.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

4. Jurisdiction is founded upon 28 U.S.C. §1331,1343 (1-4) and 2202.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

6. Plaintiffs demand trial by jury in this action.

## PARTIES

7. Plaintiff AYLYE RESTITUYO (RESTITUYO ) and RASUL SINGLETON (SINGLETON) are American Citizens residing in Bronx County, New York..

8. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant in this action.

9. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

10. At all times relevant herein, defendant POLICE OFFICER JOSEPH FRANCO (FRANCO) was a Police Officer of the NYPD, acting as an agent, servant and employee of

defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

11. FRANCO was fired from NYPD after a departmental trial.  In 2019 FRANCO was arrested and charged with fabricating the facts of three separate narcotics transactions that never happened.  after his allegations were ultimately contradicted by surveillance video and statements from others involved in he the arrests.  On April 24, 2019, FRANCO was indicted on four counts of perjury, nine counts of filing false paperwork, and three counts of official misconduct.  Three months later a New York County grand jury added ten additional counts of perjury and related charges based on FRANCO'S conduct in two other cases.  At all times relevant herein, defendant FRANCO was acting as agent, servant and employee of defendant City of New York.

12. At all times relevant herein, defendant FRANCO was acting under color of state law.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

13. On December 11, 2014, at approximately 04:50 P.M., plaintiffs were in front of 1705 Jerome Ave., Bronx, N.Y. when they allegedly engaged in the sale of crack-cocaine.

14. Plaintiffs were arrested and taken to Bronx Central Booking. These charges were entirely fabricated against them.  Plaintiffs did not sell narcotics.

15. In his sworn Criminal Court Complaint, police officer FRANCO, who was working as an undercover police officer, claimed that plaintiffs handed him crack cocaine in return for money from FRANCO.

16. This sworn statement was entirely fabricated because FRANCO never bought narcotics from plaintiffs but instead provided false information regarding RESTITUYO and SINGLETON. Plaintiffs did not engage in any transaction with anyone involving the sale of drugs.

17. Plaintiffs' convictions were vacated, and their indictmens dismissed with the consent of the Bronx County District Attorney's Office on September 24, 2021 SEE EXHIBIT A: ORDER by Judge Alvarado, Bronx Supreme Court,Criminal Term-Part 17 which ordered,adjudged and decreed that plaintiffs' convictions for violations of the penal law under indictment 1219--2015 are vacated because the judgments were obtained in violation of a right of the plaintiffs (14 Amendment) under the constitution of this state and the United States ,and the ORDER further ordered,adjudged and decreed that plaintiffs' indictments are dismissed from the criminal history of plaintiffs. Other convictions from cases in which FRANCO played a key role were also vacated and dismissed on or about September 8,2023.

18. According to various newspaper and media accounts, some 324 criminal convictions tied to the testimony of former NYPD officer FRANCO, accused of lying and framing innocent people, have been thrown out.

19. The Bronx District Attorney's office began an exhaustive review of Bronx cases hinging on FRANCO"S testimony and sworn statements and discovered that FRANCO committed well over 300 acts of perjury when he worked as an undercover police officer in the Bronx from 2011-2015.

20. The Bronx District Attorney"s office vacated hundreds of convictions because the convictions depended on the word of FRANCO who was now charged with perjury. FELICIANO'S prosecution was one such case of malicious lies,perjury and fabricated evidence. SEE EXHIBIT B APPENDIX STATEMENT by BRONX DISTRICT ATTORNEY"S OFFICE.

21. They were severely traumatized and suffered severe emotional harm as a result of their experience with jail and these cases.

22. The acts complained of herein, and the vacatur of 324 convictions referenced in par. 20 are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers.

23. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

24. The official policies, practices and customs of the City of New York and the NYPD, alleged herein violated plaintiff's rights guaranteed by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

25. The conduct towards plaintiff alleged in this Second Claim for Relief subjected plaintiff to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom for one year.

## CAUSES OF ACTION

### COUNT ONE

**42 U.S.C. § 1981, 1983 Fourth and Fourteenth Amendments**

**Violations: Malicious Prosecution**

26. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs 1 through 25 as if fully set forth herein.

27. On or about December 11,2014 the defendants initiated a criminal proceeding against the plaintiffs by misrepresenting and falsifying evidence in criminal court. P.O. FRANCO continued his lies by allowing the false information he provided to his back-up police officers to be told in the grand jury in order to secure an indictments against plaintiffs..

28. P.O. FRANCO was the primary witness and he played a key role in securing an indictment against the plaintiffs.

29. Plaintifs asset that then P.O FRANCO did not make a complete and full statement of facts. P.O. FRANCO misrepresented and falsified evidence that created a falsehood in signing the felony complaint and P.O. FRANCO'S lies were material for a finding of probable cause.

30. In commencing and continuing the prosecution of plaintiffs, defendants caused plaintiffs to be falsely charged with acts in violation of the Penal law of the State of New York.

31. Plaintiffs had not given defendant CITY, its agents, servants or employees, including then P.O. FRANCO probable cause to believe that plaintiff had committed the falsely charged illegal acts.

32. The defendants acted with malice because then P.O. FRANCO did not arrest plaintiffs with the desire to see the ends of justice served but rather with a false motive of fabricating evidence.

33. As a result of the false evidence provided by defendants, plaintiffs were forced under threat of issuance of a warrant to defend against false charges.

34. Plaintiffs ultimately were deprived of their liberty by serving 90 days incarceration, and 1 year in an in-patient drug program, repectively.

35. The conduct of the defendants was the direct and proximate cause of plaintiffs' loss of liberty and violated plaintiffs' statutory rights guaranteed by the laws and Constitution of New York and the United States.

36. On September 24, 2021, plaintiffs' convictions were vacated and the indictments dismissed with prejudice pursuant to an order of the Supreme Court, of the State of New York. see EXHIBIT A, INFRA.

## COUNT TWO

## 42 U.S.C.§1981, 1983 AND THE FOURTEENTH AMENDMENT

## VIOLATIONS FOR FABRICATED EVIDENCE

37. Plaintiffs repeat and reiterate the allegations contained in paragraphs "1" through "36" of this complaint as if fully set forth herein.

38. On or about December 11, 2014 in the County of Bronx, New York, RESTITUYO and SINGLETON were unlawfully detained, arrested, imprisoned by agents, servants and/or employees of the defendant, CITY including P.O. FRANCO.

39. That the aforesaid and imprisonment was malicious, unlawful, and not based upon a warrant, probable cause, and or any justification, but based on fabricated – evidence. That defendant CITY, through its agents, servants and/or employees, including police defendants, P.O. FRANCO acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of plaintiffs. Police Officer FRANCO fabricated information, to wit he lied about plaintiffs' participation in a sale of crack-cocaine.

40. That the aforesaid arrest and imprisonment was made with fabricated evidence as sworn to in the criminal complaint. The information FRANCO gave to prosecutors formed the basis for plaintiff' prosecution and they became aware that this fabricated evidence if believed would likely influence a jury's verdict and convict them.

41. The aforesaid fabrication of evidence caused plaintiffs to suffer a deprivation of their liberty for 90 days, along with the further restriction of 1 year in an in- patient program.

42. By reason of the foregoing, the defendants became liable to plaintiffs in a sum of money which exceeds the jurisdiction limits of all courts of lesser

## COUNT THREE

## 42 U.S.C. ss 1983 and the FOURTEENTH AMENDMENT VIOLATIONS for DENIAL of DUE PROCESS of LAW in violation of the NEW YORK and the UNITED STATES CONSTITUTIONS

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effects as if more fully and at length set forth herein.

44. The plaintiffs were denied their right to a fair trial i.e., they were subjected to a deprivation of liberty without due process of law in violation New York and the United States Constitution pursuant to the due process clause of the Fourteenth Amendment by the individual defendants who created false information and provided that information to the District Attorney which was then used in plaintiffs' prosecution See Exhibit A, ORDER by Bronx Supreme Court Judge, Hon. Efrain Alvarado.

45. The defendants (FRANCO), consciously lied in generating plaintiffs's felony complaint.

46. Defendant's actions resulted in the plaintiffs being arrested, handcuffed, incarcerated, forced to appear in court, endure the fear of being sentenced to jail, and anxiety.

47. By reason of the aforesaid, the plaintiffs have been damaged and they are entitled to compensatory damages in the sum to be determined by the Court.

## COUNT FOUR

## MUNICIPAL LIABILITY FOR

## CONSTITUTIONAL VIOLATIONS: MONELL CLAIM

48. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs "1" through 47" of this complaint.

49. Prior to December 11, 2014 defendant CITY developed and maintained polices and customs which caused the deprivation of plaintiffs' Constitutional rights.

50. Prior to 2014 the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care should have known, that individual police officers of the CITY had engaged in a pattern and practice of Illegal and unconstitutional conduct, including performing false arrests, malicious prosecutions and unconstitutional searches on arrestees. Specifically, defendants CITY knew or should have known that defendants P.O. FRANCO and other Bronx police officers had falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

51. Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

52. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants in this case to believe that they could violate the constitutional rights of the plaintiff with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. § 1983.

53. As a result of the foregoing, plaintiffs sustained the damages and injuries previously described, and seek compensatory damages from the City of New York.

## DAMAGES

54. As a direct and proximate result of the said acts of the defendant, AYLYE RESTITUYO and RASUL SINGLETO Nsuffered the following injuries and damages:

   a. Violation of their rights under the Fourth and Fourteenth Amendments to the Constitution:
   b. Loss of physical liberty due to incarceration:
   c. Further restriction on their liberty due to forced court appearances :
   d. Humiliation, embarrassment, injury to reputation, physical abuse;
   e. Extreme emotional distress;
   f. Severe disruption of family.

**WHEREFORE**, plaintiffs reques the following relief as against all of the defendants:

   1. Award compensatory damages in an amount to be determined by the Court.

2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3. For such other and further relief as to this Court may deem just and proper.

RESPECTFULLY SUBMITTED:

/s/ RUDY VELEZ
RUDY VELEZ/ RV7160
930 Grand Concourse suite 1A
Bronx, New York 10451
(917) 674-0573
rvesq@yahoo.com

Dated September 22, 2024
Bronx, New York